1   RANDY S. GROSSMAN
    United States Attorney
2   JULIE A. BAUMAN
    Assistant U.S. Attorney
3   California Bar No. 301489
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 546-4262

6   Attorneys for Plaintiff
    UNITED STATES OF AMERICA
7



8                   **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,              Case No.  22cr813-JLS

11                      Plaintiff,         **PLEA AGREEMENT**

12      v.                                 (Pre-Indictment
                                           Fast-Track Program)
13  MARCO ANTONIO ESPINOZA JR.,

14                      Defendant.

15

16        IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

17  through  its  counsel,  Randy  S.  Grossman,  United  States  Attorney,  and

18  Julie A. Bauman, Assistant United States Attorney, and defendant, MARCO

19  ANTONIO ESPINOZA JR., with the advice and consent of Lauren Williams,

20  counsel for defendant, as follows:

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  JABA:cd:3/25/22

                                           Def. Initials  ME

# I

## THE PLEA

### A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a two-count Information charging defendant with:

#### Count 1

On or about March 15, 2022, within the Southern District of California, defendant MARCO ANTONIO ESPINOZA JR., did knowingly and intentionally import a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

#### Count 2

On or about March 15, 2022, within the Southern District of California, defendant MARCO ANTONIO ESPINOZA JR., did knowingly and intentionally import a mixture and substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

### B.   EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s);

2

Def. Initials M€

___CR___

b. Any vehicle(s); and

c. Any controlled substance(s), except sample amounts for confirmatory testing.

C.   FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

D.   NON-PROSECUTION OF OFFENSE CARRYING MANDATORY MINIMUM PENALTY

The Government agrees not to prosecute defendant with an offense under Title 21 that carries a mandatory minimum sentence for the conduct described herein unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

II

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1.   Defendant knowingly brought Methamphetamine and Cocaine into the United States from a place outside the United States; and

3

Def. Initials  ME

_____CR_____

2.   Defendant knew that it was Methamphetamine, Cocaine, or some other federally controlled substance.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.   On or about March 15, 2022, defendant knowingly and intentionally drove a vehicle from Mexico into the United States through the Calexico West, California, Port of Entry (POE).

2.   At the time defendant applied for entry into the United States, concealed within the vehicle was approximately 19.28 kilograms (42.50 pounds) of Methamphetamine, a Schedule II Controlled Substance and 3.62 kilograms (7.98 pounds) of Cocaine, a Scheduled II Controlled Substance.

3.   At the time defendant drove the vehicle into the United States through the POE, defendant knew that the vehicle contained Methamphetamine and Cocaine, or some other federally controlled substance, and defendant intentionally brought these drugs into the United States.

**III**

**PENALTIES**

The crime to which defendant is pleading guilty carries the following penalties as to Counts 1 and 2:

A.   a maximum 20 years in prison;

B.   a maximum $1,000,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of at least 3 years and up to life.  Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.   possible ineligibility for certain Federal benefits.

4

Def. Initials  ME
___CR___

**IV**

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

**V**

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//

//

Def. Initials **ME**

___CR_____

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge

6

Def. Initials  ME

_____CR_____

1  must consult the United States Sentencing Guidelines (Guidelines) and
2  take them into account.   Defendant has discussed the Guidelines with
3  defense counsel and understands that the Guidelines are only advisory,
4  not mandatory.   The Court may impose a sentence more severe or less
5  severe than otherwise applicable under the Guidelines, up to the maximum
6  in the statute of conviction.   The sentence cannot be determined until
7  a presentence report is prepared by the U.S. Probation Office and defense
8  counsel and the Government have an opportunity to review and challenge
9  the presentence report.   **Defendant agrees to request that a presentence**
10  **report be prepared.**   Nothing in this plea agreement limits the
11  Government's duty to provide complete and accurate facts to the district
12  court and the U.S. Probation Office.

13                                   **IX**

14              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

15        This plea agreement is made pursuant to Federal Rule of Criminal
16  Procedure 11(c)(1)(B).   The sentence is within the sole discretion of
17  the sentencing judge who may impose the maximum sentence provided by
18  statute.   It is uncertain at this time what defendant's sentence will
19  be.   The Government has not made and will not make any representation
20  as to what sentence defendant will receive. Any estimate of the probable
21  sentence by defense counsel is not a promise and is **not binding on the**
22  **Court.**   Any recommendation made by the Government at sentencing is also
23  not binding on the Court.   If the sentencing judge does not follow any
24  of the parties' sentencing recommendations, defendant will not withdraw
25  the plea.
26  //
27  //
28  //

7                      Def. Initials _ME_
                                    ___CR___

1

2                          **x**

3          **PARTIES' SENTENCING RECOMMENDATIONS**

4     A.   SENTENCING GUIDELINE CALCULATIONS

5          Although the Guidelines are only advisory and just one factor the

6     Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,

7     the parties will jointly recommend the following Base Offense Level,

8     Specific Offense Characteristics, Adjustments, and Departures:

          1.   Base Offense Level [USSG § 2D1.1]                     $38^1$*

          2.   Importation of Methamphetamine                        +2
               [§ USSG 2D1.1(b)(5)]
               (If defendant is not subject to an
               adjustment for role under § 3B1.2)

          3.   Safety Valve (if applicable)                          −2**
               [§§ 2D1.1(b)(18) and 5C1.2]

          4.   Acceptance of Responsibility [§ 3E1.1]                −3

          5.   Departure for Fast Track [§ 5K3.1]                    −4***

**     *The actual Base Offense Level (BOL) cannot be determined until a
laboratory has performed a chemical analysis of a sample of the
controlled substance(s), so this calculation is subject to change. At
sentencing, the parties will recommend a BOL consistent with the results
of the laboratory testing of the sample and the weight of the controlled
substance(s) as determined at the time of defendant's arrest (after
first incorporating a 10% reduction in the overall weight to reflect a
reduction in the weight for packaging and other considerations). If
defendant is determined to be a career offender pursuant to USSG §
4B1.1(a), the applicable base offense level shall be determined pursuant
to USSG § 4B1.1(b). Furthermore, defendant will be ineligible for any
role reduction.**

_____

[1]   Reflecting 19.28 kilograms of Methamphetamine and 3.62
kilograms of Cocaine to the converted drug weight of 386,324 kilograms.

8

Def. Initials ME
___CR_____

1    **If defendant meets the requirements for Safety Valve as provided
2    under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under
3    USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided
4    in the First Step Act, the United States will recommend a two-level
5    reduction of the guidelines.

6    ***The Government reserves the right to reduce its recommended
7    departure if defendant does not proceed to sentencing on the first date
8    set by the Court, unless the parties agree to a continuance or sentencing
9    is continued on the Court's own motion.

10        B.    ACCEPTANCE OF RESPONSIBILITY

11    Despite paragraph A above, the Government need not recommend an
12    adjustment for Acceptance of Responsibility if defendant engages in
13    conduct inconsistent with acceptance of responsibility including, but
14    not limited to, the following:

15            1.    Fails to truthfully admit a complete factual basis as
                    stated in the plea at the time the plea is entered, or
16                  falsely denies, or makes a statement inconsistent with,
                    the factual basis set forth in this agreement;
17
            2.    Falsely denies prior criminal conduct or convictions;
18
            3.    Is untruthful with the Government, the Court or probation
19                  officer; or
20            4.    Breaches this plea agreement in any way.
21
        C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
22            INCLUDING THOSE UNDER 18 U.S.C. § 3553

23    Defendant **may** request or recommend additional downward adjustments,
24    departures, or variances from the Sentencing Guidelines under 18 U.S.C.
25    § 3553.   The Government will oppose any downward adjustments, departures,
26    or variances not set forth in Section X, paragraph A above.
27    //
28    //

Def. Initials Mℓ
____CR_____

1          D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

2          The parties have **no** agreement as to defendant's Criminal History

3   Category, except that, if defendant is determined to be a Career

4   Offender, the parties agree that defendant is automatically a Criminal

5   History Category VI pursuant to USSG § 4B1.1(b).

6          E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

7          The facts in the "factual basis" paragraph of this agreement are

8   true and may be considered as "relevant conduct" under USSG § 1B1.3 and

9   as the nature and circumstances of the offense under 18 U.S.C.

10  § 3553(a)(1).

11         F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

12         The Government agrees to recommend the greater of:  the low end of

13  the advisory Guidelines range as calculated by the Government; or the

14  time served in custody at the time of sentencing.

15         G.    SPECIAL ASSESSMENT AND FINE

16         The parties will jointly recommend that defendant pay a special

17  assessment in the amount of $100.00 per felony count of conviction to

18  be paid forthwith at time of sentencing.  The special assessment shall

19  be paid through the office of the Clerk of the District Court by bank

20  or cashier's check or money order made payable to the "Clerk,

21  United States District Court."

22         The parties will not recommend imposition of a fine due to

23  defendant's limited financial prospects and because the cost of

24  collection, even taking into account the Inmate Responsibility Program,

25  likely would exceed the amounts that could reasonably be expected to be

26  collected.

27  //

28  //

                              10            Def. Initials M︮G
                                              ___CR_____

H.    <u>SUPERVISED RELEASE</u>

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

### <u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above 71 months; and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### <u>BREACH OF THE PLEA AGREEMENT</u>

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

11

Def. Initials ME

____CR_____

1    Defendant breaches this agreement if defendant violates or fails
2  to perform any obligation under this agreement. The following are non-
3  exhaustive examples of acts constituting a breach:

4    A.   Failing to plead guilty pursuant to this agreement;

5    B.   Failing to fully accept responsibility as established in
6         Section X, paragraph B, above;

7    C.   Failing to appear in court;

8    D.   Attempting to withdraw the plea;

9    E.   Failing to abide by any court order related to this case;

10   F.   Appealing (which occurs if a notice of appeal is filed) or
         collaterally attacking the conviction or sentence in violation
11        of Section XI of this plea agreement; or

12   G.   Engaging in additional criminal conduct from the time of
         arrest until the time of sentencing.

13   If defendant breaches this plea agreement, defendant will not be
14  able to enforce any provisions, and the Government will be relieved of
15  all its obligations under this plea agreement. For example, the
16  Government may proceed to sentencing but recommend a different sentence
17  than what it agreed to recommend above. Or the Government may pursue
18  any charges including those that were dismissed, promised to be
19  dismissed, or not filed as a result of this agreement (defendant agrees
20  that any statute of limitations relating to such charges is tolled
21  indefinitely as of the date all parties have signed this agreement;
22  defendant also waives any double jeopardy defense to such charges). In
23  addition, the Government may move to set aside defendant's guilty plea.
24  Defendant may not withdraw the guilty plea based on the Government's
25  pursuit of remedies for defendant's breach.

26   Additionally, if defendant breaches this plea agreement: (i) any
27  statements made by defendant, under oath, at the guilty plea hearing
28  (before either a Magistrate Judge or a District Judge); (ii) the factual

12                    Def. Initials ME
                      ___CR_____

1 | basis statement in Section II.B in this agreement; and (iii) any evidence
2 | derived from such statements, are admissible against defendant in any
3 | prosecution of, or any action against, defendant. This includes the
4 | prosecution of the charge(s) that is the subject of this plea agreement
5 | or any charge(s) that the prosecution agreed to dismiss or not file as
6 | part of this agreement, but later pursues because of a breach by the
7 | Defendant. Additionally, defendant knowingly, voluntarily, and
8 | intelligently waives any argument that the statements and any evidence
9 | derived from the statements should be suppressed, cannot be used by the
10 | Government, or are inadmissible under the United States Constitution,
11 | any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
12 | the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//

13

Def. Initials _ME_

____CR____

XV

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

5/26/22
_____
DATED

JULIE A. BAUMAN
Assistant U.S. Attorney

5/25/22
_____
DATED

LAUREN WILLIAMS
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

X 5/25/22
_____
DATED

MARCO ANTONIO ESPINOZA JR.
Defendant

Approved by:

*s/ Charlotte E. Kaiser*
CHARLOTTE E. KAISER
Assistant U.S. Attorney

Rev. 6/8/2021 cek/bq

14

Def. Initials ME
___CR___